IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Derrick R. Parks, | ) | Case No. 1:19-cv-02116-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Travis Bragg, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On August 8, 2019, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a Return. ECF No. 14. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report. ECF No. 18.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

1

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends dismissal because this Court lacks jurisdiction over the Petition. She found that Petitioner failed to meet the savings clause of 28 U.S.C. § 2255(e). Petitioner objects and argues that his Petition should be allowed because he is factually innocent of his 28 U.S.C. § 851 enhancement in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

In order to challenge a federal sentence or conviction through § 2241, a petitioner must show under the savings clause of § 2255(e) that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). The Fourth Circuit Court of Appeals has held a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed

2

and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Here, Petitioner fails to meet the second prong.[1]

As explained in detail by the Magistrate Judge, the Fourth Circuit Court of Appeals decided *Simmons* in 2011 and deemed it retroactive on August 21, 2013, in *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013). The Sentencing Court issued its ruling on Petitioner's § 2255 motion after the Fourth Circuit's ruling in *Miller*. The Sentencing Court considered his *Simmons*-based claim on the merits and found that he was not entitled to relief because it has not imposed the enhanced sentence under the Controlled Substances Act. After an independent review of the record, the Fourth Circuit declined to issue a certificate of appealability with respect to Petitioner's § 2255 petition.

Thus, Petitioner cannot show that the substantive law has changed since consideration of his first § 2255 motion. His allegations fail to meet the test articulated in *Wheeler*; accordingly, this Court lacks subject matter jurisdiction over the Petition.

Thus, the Court adopts the Report of the Magistrate Judge. The Petition is **DISMISSED** without prejudice and without requiring the Respondent to file a Return.

---

[1] The Magistrate Judge found that, alternatively, Petitioner failed to meet the fourth prong of the *Wheeler* test. The Court finds it is unnecessary to reach this assertion because Petitioner fails to meet all four prongs of the *Wheeler* test, as required.

**IT IS SO ORDERED.**

                                                     s/ Donald C. Coggins, Jr.
                                                     United States District Judge

September 17, 2019
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.